**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 110700

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTINE M. TAYLOR and CHRISTINA KLEIN, <br><br> Plaintiffs, <br><br> vs. <br><br> FINANCIAL RECOVERY SERVICES, INC., <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

CHRISTINE M. TAYLOR and CHRISTINA KLEIN (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against FINANCIAL RECOVERY SERVICES, INC. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiffs are individuals who are citizens of the State of New York.

6. Plaintiffs, "consumers" as defined by 15 U.S.C. § 1692a(3), are allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Edina, Minnesota.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiffs' alleged debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debts, but before the initiation of this action, Plaintiffs are alleged to have fallen behind on payments allegedly owed on the alleged debts.

12. At a time known only to Defendant, Plaintiffs' alleged debts were assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect Plaintiff TAYLOR's alleged debt, Defendant contacted Plaintiff TAYLOR by letter dated April 12, 2016. ("Exhibit 1.")

14. In its efforts to collect Plaintiff KLEIN's alleged debt, Defendant contacted Plaintiff KLEIN by letter dated November 3, 2015. ("Exhibit 1.")

15. Defendant's letters are "communications" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's letters violated the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692e**
**AS TO PLAINTIFF TAYLOR**

17. Plaintiff TAYLOR repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

19. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

20. Defendant's letter to Plaintiff TAYLOR sets forth a balance of $599.98.

21. Defendant's letter to Plaintiff TAYLOR fails to disclose whether the balance may increase due to interest and fees.

22. Defendant has violated § 1692e by its failure to disclose whether Plaintiff TAYLOR's balances may increase due to interest and fees.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**AS TO PLAINTIFF KLEIN**

23. Plaintiff KLEIN repeats and realleges the foregoing paragraphs as if fully restated herein.

24. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

25. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

26. Defendant's letter to Plaintiff KLEIN sets forth a balance of $3171.12

27. Defendant's letter to Plaintiff KLEIN fails to disclose whether the balance may increase due to interest and fees.

28. Defendant has violated § 1692e by its failure to disclose whether Plaintiff KLEIN's balance may increase due to interest and fees.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## JURY DEMAND

29.   Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a.   Statutory damages of $1,000.00 against Defendant in favor of Plaintiff TAYLOR pursuant to 15 U.S.C. § 1692k; and

b.   Statutory damages of $1,000.00 against Defendant in favor of Plaintiff KLEIN pursuant to 15 U.S.C. § 1692k; and

c.   Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d.   Plaintiffs' costs; all together with

e.   Such other relief that the Court determines is just and proper.

DATED: June 20, 2016

**BARSHAY SANDERS, PLLC**

By:  /s/ Craig B. Sanders
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 110700

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4