IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
CHRISTINE M. TAYLOR and
CHRISTINA KLEIN,

                Plaintiff,

COURT FILE NO. 1:16-cv-4685-LGS

v.

FINANCIAL RECOVERY SERVICES, INC.,

                Defendant.

-----------------------------------------------------------X

## AFFIDAVIT OF BRIAN BOWERS

Brian Bowers, being first duly sworn upon oath, deposes and states:

1. I am CEO/President of Financial Recovery Services, Inc. ("FRS"), the defendant in this action, and I am authorized to make this affidavit. This affidavit is based upon my personal knowledge and my personal review of FRS' records. I am a custodian of records for FRS.

2. I am familiar with the allegations in Christine Taylor and Christina Klein's (collectively "Plaintiffs") Amended Complaint filed in this matter.

3. I am familiar with and have access to the records relating to FRS' attempts to collect Plaintiff Christina Klein's Barclays Bank Delaware account, ending in 4258 ("Klein Account"), which was placed with FRS for collection on October 1, 2015.

4. I am also familiar with and have access to the records relating to FRS' attempts to collect Plaintiff Christine Taylor's First National Bank of Omaha account, ending in 8812 ("Taylor Account"), which was placed with FRS for collection on March 7, 2016.

3381736v1

5.  Based upon my examination of the records regarding the Klein Account and the Taylor Account (collectively the "Accounts") and my duties and responsibilities as President and CEO of FRS, I am qualified to make this affidavit regarding the books and records of FRS relating to the Accounts. I know and have personally observed that these documents and records are kept and utilized by FRS in the regular course of business and that the entry of information in the records of FRS is made contemporaneous with transactions when they occur and that the records are true and correct.

6.  On October 1, 2015, Plaintiff Klein's Barclays Bank Delaware account ending 4258 was placed with FRS for collection. Attached as Ex. A is a true and correct copy of FRS' collection records related to the Klein Account (redacted).

4.  At the time the Klein Account was placed with FRS the amount referred to FRS for collection was $3,171.12, with no additional amount owing and no applicable interest rate provided to FRS. *See* Ex. A.

5.  FRS sent a total of four letters to Plaintiff Klein. The letters are dated October 2, 2015, November 3, 2015, December 3, 2015, and January 27, 2016. Attached as Exhibits B, C, D, E are true and correct copies of these letters. Each letter listed the balance due as $3171.12. *See* Ex. B, C, D, E.

6.  Included in these letters is the letter dated November 3, 2015 which is the Klein letter at issue attached Plaintiffs' Amended Complaint as Ex. 2, (Doc. No. 16-2), listing the balance due as $3171.12. *See* Ex. C.

7.  At the time the Klein Account was placed with FRS, neither FRS nor Barclay Bank Delaware had any intention of accruing interest on the account. This is further confirmed

3381736v1

by the fact that the "Interest Rate" field in FRS' collection notes was listed as "0.00000%". *See* Ex. A. Indeed, FRS does not itself accrue interest on accounts.

8. Moreover, the amount set forth in the Klein letter at issue, and indeed in every letter FRS sent to Plaintiff Klein, was the amount that would have resolved the debt in full, regardless of when the payment was received, if received by FRS.

9. FRS closed its file on the Klein Account on April 6, 2016 and ceased all activity related to the Account.

10. Likewise, on March 7 2016, Plaintiff Taylor's First National Bank of Omaha account ending 8812 was placed with FRS for collection. Attached as Ex. F is a true and correct copy of FRS' collection records related to the Taylor Account (redacted).

11. At the time the Taylor Account was placed with FRS the amount referred to FRS for collection was $599.98, with no additional amount owing and no applicable interest rate provided to FRS. *See* Ex. F.

12. FRS sent a total of three letters to Plaintiff Taylor. The letters are dated March 8, 2016, April 12, 2016, and May 10, 2016. Attached as Exhibits G, H, I are true and correct copies of these letters. Each letter listed the balance due as $599.98. *See* Ex. G, H, I.

13. Included in these letters is the letter dated April 12, 2016 which is the Taylor letter at issue attached to Plaintiffs' Amended Complaint as Ex. 1, (Doc. No. 16-1), listing balance due as $599.98. *See* Ex. H.

14. At the time the Taylor Account was placed with FRS, neither FRS nor First National Bank of Omaha had any intention of accruing interest on the account. This is further confirmed by the fact that the "Interest Rate" field in FRS' collection notes was listed as "0.00000%". *See* Ex. F. Indeed, FRS does not itself accrue interest on accounts.

15.     Moreover, the amount set forth in the Taylor letter at issue, and indeed in every letter FRS sent to Plaintiff Taylor, was the amount that would have resolved the debt in full, regardless of when the payment was received, if received by FRS.

16.     FRS closed its file on the Taylor Account on May 20, 2016 and ceased all activity related to the Account.

17.     As the above referenced letters and account notes indicate, the balance owing remained the same on the Accounts and interest was never added or even referenced with regard to either account.

_____
Brian Bowers

Subscribed and sworn to before me
this 18th day of October, 2016.

_____
Notary Public



SAMANTHA ANN RIBELIN
Notary Public-Minnesota
My Commission Expires Jan 31, 2020

3381736v1